IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| LAURAL LIRONES, individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff*, | CLASS ACTION |
| v. | DEMAND FOR JURY TRIAL |
| LEAF HOME WATER SOLUTIONS, LLC, a Delaware limited liability company, | |
| *Defendant.* | |

### **CLASS ACTION COMPLAINT**

Plaintiff Laural Lirones ("Plaintiff" or "Lirones") brings this Class Action Complaint and Demand for Jury Trial against Defendant Leaf Home Water Solutions, LLC ("Defendant" or "LHWS") to stop the Defendant from violating Telephone Consumer Protection Act ("TCPA") by placing unsolicited calls to phone numbers that are registered on the National Do Not Call registry ("DNC") and from continuing to call consumers who have asked for the calls to stop. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### **PARTIES**

1. Plaintiff Laural Lirones is a resident of Battle Creek, Michigan.

2. Defendant Leaf Home Water Solutions, LLC is a Delaware limited liability company with its principal place of business in Hudson, Ohio.

**JURISDICTION AND VENUE**

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction and venue is proper since Defendant operates its business in this District and the wrongful conduct giving rise to this case was directed from this District.

**INTRODUCTION**

5. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. According to online robocall tracking service "YouMail," 5.1 billion robocalls were placed in August 2023 alone, at a rate of 163.8 million per day. www.robocallindex.com (last visited September 12, 2023).

10. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

11. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

12. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

13. Defendant LHWS sells water filtration systems and products to consumers throughout the U.S.[3]

14. Defendant LHWS solicits business by placing telephone sales calls to consumers.

15. Defendant LHWS places telemarketing calls to phone numbers that are registered on the DNC, as per Plaintiff's experience.

16. Defendant LHWS provides consumer leads to its employees for the purpose of making telephone sales calls.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.leafhomewatersolutions.com/about/

3

> Leaf Home Water Solutions, part of one of the largest home improvement companies in North America, is looking for <u>one-call closers</u> to add to our growing roster! Working with Leaf is more than just another job – it's an opportunity to earn a six figure income and be a part of a multimillion dollar growing company. <u>We'll supply you with pre-qualified leads</u> and the necessary tools for success so you can set out and start earning. Successful candidates are self-motivated, self-driven with a touch of an Entrepreneurial Spirit! Apply today![4]

17. Defendant's employees have posted complaints online about the quality of the leads they have received, including:

> **Worth it if you can be fulltime and don't mind rejection**
> Outbound Sales Representative (Current Employee) - Hudson, OH - August 22, 2023
>
> This job can be emotionally frustrating. <u>The leads are not great and a lot of them don't even know how we got their information and get very irate about it sometimes.</u> If you don't mind rejection and are okay rebuttaling every single one, this job is for you. The bonuses are nice but the more you're there the better they are so although they advertise big money, it's only really there for full timers and natural sales people[5]

---

[4] https://www.leafhomewatersolutions.com/resources/careers/sales/
[5] https://www.indeed.com/cmp/Leaf-Home-Water-Solutions/reviews

4

> **Good if you get leads**
>
> Sales Representative
> Current Employee, more than 1 year
>
> ✗ Recommend  — CEO Approval  — Business Outlook
>
> **Pros**
> The commission can be good if you get decent leads every week.
>
> **Cons**
> – 100% commission which is not a big problem if you can close. – Deceptive sales tactics where the price starts high and you drop it till you're at cost. So if you're selling your jobs at cost or close to cost then you won't make a dime. – Gas comes out your own pocket and driving distances are far sometimes. – You'll get plenty of leads if your manager likes you. If he/she doesn't like you then go elsewhere. You might go a whole month without a single lead. – Highly pressured to sell on the same day or you'll get less leads moving forward. – The call center seems to book appointments just to get their numbers up. I've had so many leads where they want me to fix an existing system like I'm a technician or just get a "free water test". The call center doesn't care about you. The company sells decent products and treats their customers good. Ultimately if you can close really really good then you'll probably do just fine here. <u>Lead quality and favoritism are the only problems.</u> [6]

18. To make matters worse, as per Plaintiff's experience, the Defendant continues to place calls to consumers even when consumers have instructed them to stop calling.

19. Consumers have posted complaints directly to Defendant LHWS about the unsolicited telemarketing calls the are receiving, despite asking for the calls to stop, including:

- "***After being told to stop calling me***, the continue 2 to 3 a day 7 days a week. I do not want anything they are selling."[7] (emphasis added)

- "Leaf water calls my phone 10 times per day. I block the number and they call from a different number. This has been happening for months. I dont want anymore calls and I dont see an opt-out on the website. How do I stop the calls??"[8]

- "Leaf Water calls my cell phone 7 days a week 10 or more times a day using different phone numbers so blocking calls does not help. Leaf Water just calls my phone from a different number. ***I have asked for number to be removed from call list.*** I am registered with do not call registry."[9] (emphasis added)

- "keeps calling and ***said take off call list. doesnt stop***"[10] (emphasis added)

---

[6] https://www.glassdoor.com/Reviews/Leaf-Home-Water-Solutions-Reviews-E4778469.htm
[7] https://www.bbb.org/us/oh/hudson/profile/water-treatment-equipment/leaf-home-water-solutions-llc-0272-235838299/complaints
[8] *Id.*
[9] *Id.*
[10] *Id.*

5

- "4-5 calls to my business per Day. 4-5 calls to my cell number per Day. Stop Calling me !!!!!!!!!!!!!!!!This has been going on for months, and *I have told them to stop, and the calls just keep coming*."[11] (emphasis added)

- "Constant telephone calls all hours morning, noon, and night! I have never done business with this company nor will I ever based on their business practices. I block one number and they call from another number. @ Better Business Bureau, how does this company have an A rating with 88 complaints in the 3 years they have been in business? DO NOT direct me to go to the website and request to be removed!!!!! I am on the Do Not Call List I have filed a formal complaint with the ************************ (FTC) and suggest that everyone else do the same."[12]

- "**They will not stop calling.** They do not leave messages. Screams desperate!!"[13] (emphasis added)

- "*They will not stop calling me.* Multiple times a day, from an endless variety of numbers. I block them all and they still call. I was mildly interested in their services until this. Please stop calling me."[14] (emphasis added)

- "*I told them I wasn't interested and they keep calling*. I have blocked their number and they keep calling from different numbers. I am following up with a complaint with the bbb and cfpb"[15] (emphasis added)

20. In response to these calls, Plaintiff Lirones brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Class and costs.

**PLAINTIFF LIRONES'S ALLEGATIONS**

21. Plaintiff Lirones is the subscriber and the sole user of the cell phone number ending with 8581.

22. Plaintiff Lirones registered her cell phone number on the DNC on July 19, 2023.

23. Plaintiff Lirones uses her cell phone number for personal and household use only as one would use a residential landline.

---

[11] *Id.*
[12] *Id.*
[13] https://www.google.com/search?q=leaf+home+water+solutions
[14] *Id.*
[15] *Id.*

6

24. Plaintiff Lirones began receiving unsolicited calls from Defendant LHWS at the beginning of July 2023.

25. On July 6, 2023 at 2:51 PM, Plaintiff Lirones received an unsolicited telemarketing call from Defendant, from 616-626-1397 to her cell phone number. This call was not answered but the caller display showed the name Leaf Water.

26. Plaintiff immediately called 616-626-1397 back and spoke to a live agent who identified the company name Leaf Home Water Solutions.

27. Plaintiff told the employee that she does not want a water purification system and asked the employee to stop calling her cell phone number.

28. Despite her clear stop request, Plaintiff received additional unsolicited calls on:

- July 8, 2023 at 1:07 PM and 1:36 PM from 616-319-1470;
- July 9, 2023 at 12:19 PM and 12:46 PM from 616-626-1373;
- July 11, 2023 at 12:39 PM and 6:28 PM from 616-626-1362;
- July 12, 2023 at 6:49 PM from 616-319-1471;
- July 13, 2023 at 12:50 PM from 616-271-0162;
- July 13, 2023 at 2:20 PM from 616-626-1396;
- July 13, 2023 at 7:29 PM from 616-271-0162;
- July 14, 2023 at 3:28 PM from 616-626-1396;
- July 15, 2023 at 11:30 PM from 616-626-1396;
- July 16, 2023 at 4:29 PM from 616-626-1396; and
- July 18, 2023 at 8:15 PM from 616-271-1060.

29. All of the phone numbers that Defendant LHWS called Plaintiff from are owned/operated by Defendant.[16]

---

[16] As per investigations conducted by Plaintiff's attorneys

30. A demand for consent letter was sent to LHWS via info@leadhome.com on July 23, 2023, on behalf of the Plaintiff and to date there has been no response from the Defendant.

31. Despite the initial stop call request and despite the demand for consent letter, Plaintiff received additional unsolicited calls from Defendant LHWS to her cell phone more than 31 days after she registered her phone number on the DNC.

32. Plaintiff Lirones received the following unsolicited telemarketing calls from Defendant LHWS to her cell phone number:



Figure 1 - September 6, 2023

Figure 2 - September 8, 2023

8

> Leaf Water
> (616) 319-1473   6:25 PM

*Figure 3 - September 10, 2023*

> Leaf Water
> (616) 626-1387   2:56 PM

*Figure 4 - September 20, 2023*

> Leaf Water
> (616) 626-1379 12:06 PM

*Figure 5 - September 22, 2023*

> Leaf Water
> (616) 626-1366   4:50 PM

*Figure 6 - September 24, 2023*

> Leaf Water
> (616) 626-1396 3:49 PM

*Figure 7 - September 30, 2023*

> Leaf Water
> (616) 626-1379 12:06 PM

*Figure 8 - October 4, 2023*

> Leaf Water
> (616) 626-1397 7:15 PM

*Figure 9 - October 8, 2023*

> Leaf Water
> (616) 626-1379 12:06 PM

*Figure 10 - October 10, 2023*

9

33. The unauthorized telephonic sales calls that Plaintiff received from Defendant, as alleged herein, have harmed the Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

34. Seeking redress for these injuries, Plaintiff Lirones, on behalf of herself and Classes of similarly situated individuals, bring suit under the TCPA.

## CLASS ALLEGATIONS
### Class Treatment Is Appropriate for Plaintiff's TCPA Claims Arising From the Defendant's Actions

35. Plaintiff Lirones brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Classes:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant LHWS called more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff.

> **Internal Do Not Call Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant called their residential telephone line at least two times (2) including at least once after the consumer had communicated their wish to not receive any further calls from the Defendant (3) for substantially the same reason Defendant called the Plaintiff.

36. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant has been fully and finally adjudicated and/or

released. Plaintiff Lirones anticipates the need to amend the Class definitions following appropriate discovery.

37. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

38. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) Whether Defendant's conduct violated the TCPA;

(b) whether Defendant LHWS placed multiple calls within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each call;

(c) whether the Defendant engaged in telemarketing without implementing adequate internal policies and procedures for maintaining an internal do not call list;

(d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

39. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. The Plaintiff has no interests antagonistic to those of the Classes, and Defendant have no defenses unique to the Plaintiff. The Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and have the financial resources to do so. Neither the Plaintiff nor her counsel have any interest adverse to the Classes.

40.     **Appropriateness**: This class action is also appropriate for certification because the Defendant have acted or refused to act on grounds generally applicable to the Classes and as wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Lirones. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Lirones and the Do Not Call Registry Class)

41.     Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

42.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

43.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were

promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

44. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Lirones and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

45. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Lirones and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

46. As a result of Defendant's conduct as alleged herein, Plaintiff Lirones and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

47. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**SECOND CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Lirones and the Internal Do Not Call Class)**

48. Plaintiff repeats and realleges paragraphs 1-40 of this Complaint and incorporates them by reference herein.

49. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing

calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long-distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

14

50. Defendant placed calls to Plaintiff and members of the Class without implementing internal procedures for maintaining a list of persons who request not to be called/texted by the entity and/or by implementing procedures that do not meet the minimum requirements to allow the Defendant to initiate telemarketing calls.

51. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

52. The Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiff and the other members of the Class are each entitled to up to $1,500 per violation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing her attorneys as Class Counsel;

b) An award of damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Lirones requests a jury trial.

**LAURAL LIRONES**, individually and on behalf of all others similarly situated,

DATED this 22nd day of October, 2023.

By: /s/ *Brian T. Giles*

Brian T. Giles (0072806)
Giles & Harper, LLC
7243 Beechmont Avenue,
Cincinnati, Ohio 45230
Telephone: (513) 379-2715
bgiles@gilesharper.com

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*\* Pro hac vice forthcoming*

*Attorneys for Plaintiff and the putative Classes*

16