**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| LAURAL LIRONES, individually and on behalf of all others similarly situated,, | ) | CASE NO. 5:23-CV-02087-BMB |
| | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DEFENDANT LEAF HOME WATER** |
| | ) | **SOLUTIONS, LLC'S REPLY IN** |
| | ) | **SUPPORT OF ITS MOTION TO STAY** |
| LEAF HOME WATER SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

On January 30, 2024, Leaf Home filed a comprehensive Motion to Stay this action pending two forthcoming Supreme Court decisions impacting the continuing validity of *Chevron* deference.  (*See* Dkt. 13.)  Both cases—*Relentless v. Department of Commerce*, No. 22-1219 and *Loper Bright Enterprises v. Raimondo*, No. 22-451—have already been argued, and decisions are expected by the end of this Supreme Court term in just a few months.  Leaf Home, in the alternative, requested that this Court stay class discovery pending the Motion to Dismiss.

Plaintiff was provided *four weeks* to respond to this Motion.  Nevertheless, Plaintiff essentially failed to file an opposition to the Motion.  On February 28, 2024, Plaintiff filed an "Omnibus" opposition brief to the pending Motion to Dismiss and Motion to Stay.  (Dkt. 17.) Plaintiff devoted exactly ***one*** sentence (repeated twice) to addressing the Motion to Stay, arguing the Motion to Dismiss can be resolved without *Chevron* deference.  (*Id.* at 1, 6.)  Critically, Plaintiff ***failed to oppose*** Leaf Home's alternative relief.  Plaintiff likewise failed to engage in any analysis of the Motion to Stay and declined to discuss the relevant factors.  Plaintiff thus concedes that a stay would cause no prejudice and that, alternatively, there is no need to conduct class discovery during the pendency of the Motion to Dismiss.

The Motion to Stay should be granted in its entirety.  At a minimum, this Court should stay class discovery pending the Motion to Dismiss particularly given the fact that Plaintiff waived any opportunity to oppose this relief.

## DISCUSSION

I. **PLAINTIFF FAILS TO PROVIDE ANY SUBSTANTIVE OPPOSITION TO THE MOTION TO STAY, AND NO OPPOSITION TO LEAF HOME'S ALTERNATIVE REQUEST TO STAY CLASS DISCOVERY.**

At the outset, this Court should treat Leaf Home's Motion to Stay as unopposed.  Plaintiff, in total, addressed the Motion to Stay in *one sentence*, repeated twice almost verbatim.  (Dkt. 17 at 1, 6.)  The totality of Plaintiff's opposition reads:

> And because the Court can resolve this issue based exclusively on the statutory text, without resort to *Chevron* deference, there is no basis for staying this case pending the Supreme Court's rulings related to *Chevron* deference in *Relentless v. Department of Commerce* [No. 22-1219] and *Loper Bright Enterprises v. Raimondo* [No. 22-451].

(*Id.*, full citations omitted).  This line fails to address the merits of the Motion to Stay and ignores Leaf Home's alternative request that this Court stay class discovery pending the Motion to Dismiss.  As a result, this Court should grant the Motion to Stay as unopposed.  *See Durrah v. 16 Asset Mgmt. Holdings*., No. 17-00666, 2017 WL 3995592, at *2 (N.D. Ohio Sept. 8, 2017) ("It is generally held that if a plaintiff fails to respond or to otherwise oppose a defendant's motion to dismiss, then the district court may deem the plaintiff to have waived opposition to the motion.").

Even if this Court, however, were to find Plaintiff's single-line opposition sufficient to avoid waiver of the broader stay request, it is nevertheless clear that Plaintiff has failed to challenge Leaf Home's analysis of the factors evaluated for a stay.  *See Attractive Surgical, LLC v. Cleveland Clinic Found.*, No. 19-1212, 2019 WL 11075734 at *3 (N.D. Ohio Oct. 31, 2019) (noting courts "examine the totality of the circumstances, including the stage of the litigation, whether a stay

would simplify the issues, and whether a stay would unduly prejudice the non-moving party."). Plaintiff omits any reference to or discussion of these factors.

Courts have repeatedly found that when a plaintiff fails to refute or respond in any way to an argument made by a defendant, the plaintiff concedes that point and waives opposition to the same. *See, e.g. Conrad v. U.S. Bank Nat'l Ass'n*, 391 F.Supp.3d 780, 792 (S.D. Ohio 2019) (finding that a plaintiff waived opposition by failing to refute or address a defendant's argument); *see also Wood v. U.S. Bank Nat'l Ass'n*, No. 5:17-cv-2334, 2019 WL 1255229 at *3 (N.D. Ohio Mar. 19, 2019) (finding that "[a] party waives opposition to an argument by failing to address it in her responsive brief."); *Warren Twp., Tuscarawas Cnty., Ohio v. Kinder Morgan Utopia*, No. 20-1199, 2022 WL 971528, at *2 (N.D. Ohio Mar. 31, 2022) (same); *Ohio Star Transp., LLC v. Roadway Express, Inc.*, No. 2:09-cv-261, 2010 WL 3666982 at *3 (S.D. Ohio Sept. 14, 2010) ("[The defendant] raises this argument, but [the plaintiff] does not respond thereby waiving its ability to challenge the argument and effectively conceding the point.").

Plaintiff did not refute or address any of the arguments made by Leaf Home with regard to the motion to stay factors, all but conceding the propriety of a stay. Critically, Plaintiff identifies no conceivable prejudice that she would suffer as a result of a brief stay. Plaintiff's single-line opposition notwithstanding, the Motion to Stay should thus be granted as each factor supporting a stay has been met here and Plaintiff has waived any argument to the contrary.

Finally, this Court should find, at a minimum, that Plaintiff failed to oppose Leaf Home's alternative request to stay class discovery pending the Motion to Dismiss. Plaintiff makes no reference to this request. Plaintiff thus waives any opposition to this tailored relief. Should this Court deny a complete stay, a stay of class discovery pending the Motion to Dismiss should be granted here for the reasons set forth in the Motion to Stay. (Dkt. 13 at 9-11.)

## II.     PLAINTIFF'S SINGLE-LINE OPPOSITION PROVIDES NO BASIS TO DENY THE MOTION TO STAY.

Plaintiff's single-line opposition also misses the point entirely.  Plaintiff argues that *Chevron* deference is not necessary to resolve the Motion to Dismiss and this case, and thus a stay is unnecessary.  On this, Leaf Home agrees, though Leaf Home contends that the plain language of the TCPA should end this case entirely.  (*See* Dkt. 12 at 3-8, 12-18.)  Leaf Home set forth in its Motion to Dismiss that the FCC's Residential Subscriber Guidance[1]—namely, that a cellular telephone line can qualify as a residential telephone line—contravened the TCPA's plain text and is thus entitled to no *Chevron* deference at all.  (*See id.*); *see also Gaker v. Q3M Ins. Sols.*, No. 22-00296, 2023 WL 2472649, at *3 (W.D.N.C. Feb. 8, 2023) (report & recommendation).  This is an issue Leaf Home flagged in its Motion to Stay itself.  (*See* Dkt. 13 at 1, 7 n.1.)

What Plaintiff ignores is the very basis for the Motion to Stay.  Leaf Home acknowledged that while it believes the plain language analysis controls, it is nevertheless clear that, many courts that have evaluated this exact issue—whether a cellular telephone line can qualify as a residential telephone line—have deferred to the FCC's Residential Subscriber Guidance.  That includes this Court, which relied on the FCC's guidance in *Tsolumba v. SelectQuote Ins. Servs*., No. 5:22-CV-00712, 2023 WL 6146644, at *5 (N.D. Ohio Sept. 20, 2023).  It is in recognition of this issue that Leaf Home contended a stay would be prudent.

Plaintiff's plain language argument seems, at best, tongue-in-cheek.  Plaintiff predicates an entire argument in opposition to the Motion to Dismiss on the FCC's guidance.  (Dkt. 17 at 7-8.)  Plaintiff even cites directly to *Tsolumba* in the first line of her brief.  (*Id.* at 1.)  The reality is that Plaintiff's meek plain language argument notwithstanding, Plaintiff relies *heavily* on case law

---

[1]     In the Motion to Dismiss and Motion to Stay, Leaf Home refers to the guidance in the FCC offered in *In Re Rules & Reguls. Implementing the TCPA of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003) as the "2003 Order" or the "Residential Subscriber Guidance".

that itself is derived from courts deferring to the FCC's guidance on this issue. (*See id.* at 3, 4, 8-10, 12, 13.) A brief review of Plaintiff's cited authority reveals the half-hearted nature of Plaintiff's argument. Indeed, Plaintiff proffers ***not a single case*** that has ruled in her favor on the basis of the plain language of the TCPA. Plaintiff's cited authority proves much the contrary.

By way of example, Plaintiff first turns to cases like *Barton v. Temescal Wellness* and *Becker v. Pro Custom Solar*. (Dkt. 17 at 3-4.) These cases defer to the FCC's Residential Subscriber Guidance. *See Barton v. Temescal Wellness, LLC*, 525 F. Supp. 3d 195, 202 (D. Mass. 2021); *Becker v. Pro Custom Solar LLC*, No. 219CV535FTM29NPM, 2020 WL 474647, at *5-7 (M.D. Fla. Jan. 29, 2020). Plaintiff later provides a string cite to cases she contends support her argument that cellular telephones can qualify as residential telephone lines. (Dkt. 17 at 8, 9.) These cases, too, reveal a heavy reliance on the FCC's guidance. *See Hodgin v. Parker Waichman Llp*, No. 3:14-CV-733-DJH, 2015 WL 13022289, at *3 (W.D. Ky. Sept. 30, 2015); *Stevens-Bratton v. TruGreen, Inc.*, 437 F. Supp. 3d 648, 656 (W.D. Tenn. 2020); *Smith v. Truman Rd. Dev., LLC*, No. 18-00670, 2020 WL 2044730, at *10 (W.D. Mo. Apr. 28, 2020). The cases Plaintiff bulk quotes show much the same. (*See* Dkt. 17 at 9, 13.)

Courts often turn to the FCC's guidance. While Leaf Home disagrees with relying on the FCC's guidance for the reasons detailed further in its Motion to Dismiss, it nevertheless accepts that this Court may choose to turn to FCC guidance as it did in *Tsolumba*. If this Court is inclined to do so, a stay would be prudent. If the Supreme Court eliminates or significantly curtails *Chevron* deference, that would have an impact on the viability of relying on FCC guidance, and thus the viability of the FCC's Residential Subscriber Guidance.

Respectfully submitted,


*/s/ Mark E. Eisen*
NORA K. COOK (0086399)
ALLYSON R. CADY (0098830)
**BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone:  216.363.4500
Facsimile:  216.363.4588
Email:  ncook@beneschlaw.com
        acady@beneschlaw.com

-- and --

MARK E. EISEN (admitted *pro hac vice*)
**BENESCH, FRIEDLANDER, COPLAN
&ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606-4637
Telephone: 312.212.4949
Facsimile: 312.767.9192
Email: meisen@beneschlaw.com


*Attorneys for Defendant Leaf Home Water
Solutions, LLC*

6

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 6, 2024 a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

The parties may access this filing through the Court's system.

*/s/ Mark E. Eisen*